

# The Attorney General of Texas

October 8, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ben Z. Grant, Chairman
House Judiciary Committee
Capitol Building
Austin, Texas 78711

Opinion No. MW-250

Re: Whether the state may compel active United States military personnel to engage in jury service

Dear Chairman Grant:

You have requested our opinion as to whether a state may compel active United States military personnel to engage in jury service.

Federal law exempts from federal jury service "members in active service in the Armed Forces of the United States." 28 U.S.C. §1863(b)(6). It has been held that the grant of such an exemption does not contravene a defendant's right to an impartial jury or his sixth amendment right to a jury trial. Government of the Canal Zone v. Scott, 502 F. 2d 566, 569 (5th Cir. 1974). Although this decision makes clear that a state could grant an exemption to United States military personnel, it does not specifically reach the question of whether it must do so.

The law is well-settled that states may not interfere with the performance of proper federal functions. Thus, one factor to be considered in answering your question is whether compelling federal military personnel to serve on state juries would unduly burden the operations of the federal government. The Scott court, supra, seemed to indicate that it might:

> . . .because it is the 'primary business of armies and navies to fight or be ready to fight wars should the occasion arise ', . . . the exclusion of military personnel from jury duty is reasonable and for the good of the community. . . .

502 F. 2d at 569. A case of direct interference was held impermissible in United States v. McLeod, 385 F. 2d 734 (5th Cir. 1967), in which a federal court stated that a state grand jury lacked the authority to investigate the operation of a federal agency. The court said that:

> merely calling employees of the federal government before the grand jury would have the prescribed disruptive effect on the administration of a federal agency.

385 F. 2d at 752.

A decision even more relevant to your inquiry is In re McShane's Petition, 235 F. Supp. 262 (N.D. Miss. 1964). There, the court held that a state was without authority to indict a federal marshal for using tear gas in violation of state law. The marshal had been acting under express statutory authority and under the express, specific orders of his superiors. 235 F. Supp. at 271.

Other states provide an exemption from jury service for United States military personnel. See, e.g., California Civ. Proc. Code §200 (West). New York law states that "[m]embers in active service in the armed forces of the United States" are disqualified from service as jurors. N.Y. Jud. Law §511 (McKinney). A 1972 opinion of the Attorney General of Florida states that United States military officers "are absolutely disqualified to serve as grand or petit jurors." Fla. Attorney General Opinion 072-155 (1972).

In our opinion, the substantial weight of authority indicates that an active member of the United States armed forces, acting under federal law and pursuant to the valid orders of a superior, may not be compelled by a state to engage in jury service.

### SUMMARY

An active member of the United States armed forces, acting under federal law and pursuant to the valid orders of a superior, may not be compelled by a state to engage in jury service.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Susan Bradshaw
Rick Gilpin